# Joseph Moore

### v.

## The People of the State of Illinois.

*Filed at Ottawa January 23, 1884.*

1. APPEAL—*reviewing questions of fact.* A bastardy proceeding is one in which the finding of the facts by the Appellate Court, in affirming the judgment, is conclusive upon the parties in this court.

2. EVIDENCE—*affecting credibility of witness.* On the trial of a bastardy suit, the prosecutrix, after being compelled, on the cross-examination, to give a detailed account of the time, place and attendant circumstances of the alleged illicit intercourse, was asked where she went and dined on that day, counsel proposing to follow this up by showing that she had on different occasions made different statements in that respect, but the court sustained an objection to the question: *Held,* no error, as the matters proposed were collateral; and also, that while it might have been proper to have allowed questions as to her movements and conduct, yet her answers on such collateral matters would have been conclusive.

3. In a bastardy trial a sister of the prosecutrix testified, that on the day the alleged illicit intercourse was had the defendant was where he might have had communication with her, and also that he was hauling different kinds of hay from one place to another. In rebuttal, defendant offered to prove that there were not different kinds of hay to be hauled by him, and that the only hauling done by him was from the farm on which the sexual intercourse was alleged to have been had, which the court refused to allow, on objection: *Held,* that there was no error in refusing the evidence offered.

4. SAME—*effect of evidence to impeach witness may be limited to that purpose.* On the trial of a bastardy charge, the defendant, by way of impeaching a witness for the prosecution, proved he had said there were two or three into the scrape, from what he had heard from the little girls in the family, sisters of the prosecutrix. The court instructed the jury that such statements, if made by the witness, were not evidence tending to prove that some other person than the defendant was the father of the child: *Held,* that the instruction was proper, the only purpose of such evidence being to impeach the witness, and that the jury were not authorized to consider it for any other purpose.

5. COSTS—*on reversal in a mere matter of form.* Where a judgment is reversed by the Appellate Court solely on account of its form, in a case where the error might have been corrected without any reversal, there will be no error in refusing to make a division of the costs.

6. SAME—*discretionary, on partial reversal.* It is not imperative under section 24, chapter 33, of the Revised Statutes of 1874, that in case of a partial reversal the appellee shall be taxed with a part of the costs. The apportionment in such cases is entirely within the discretion of the court.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Ogle county; the Hon. JOHN V. EUSTACE, Judge, presiding.

Mr. J. G. GARVER, and Mr. FRANC BACON, for the appellant:

The 'Appellate Court should have apportioned the costs. Rev. Stat. chap. 33, sec. 24.

Contradictory statements by a witness as to immaterial matters tend to cast suspicion upon the testimony of a witness. *Smith et al.* v. *Dennison,* 101 Ill. 539.

The court below allowed the prosecutrix to state that after the intercourse she left the house, but refused to let her be cross-examined as to where she went that day, holding it immaterial. This was asked to test her credibility. Cross-examination is the most efficacious test of this which the law affords. *Shaw* v. *People,* 81 Ill. 150; *Brosseau* v. *Warren,* 6 Bradw. 450; *Leland* v. *Kauth,* 47 Mich. 540; *People* v. *Arnold,* 40 id. 710; *Rogers* v. *People,* 34 id. 345; *Yanke* v. *State,* 51 Wis. 464; *Kischner* v. *State,* 9 id. 140; *Dægling* v. *State,* 56 id. 586; 2 Best on Evidence, secs. 654, 655.

John Sweeney should have been allowed to answer the questions whether he said anything to the prosecutrix about being out so late at night, and as to her keeping company with Faulkner during March and April, 1880. *Dægling* v. *State,* 56 Wis. 586.

Mr. W. W. SWETT, and Mr. E. F. DUTCHER, for the People:

The mistake of the prosecuting witness as to the date of the illicit intercourse is immaterial. *Holcomb* v. *People,* 79 Ill. 409.

The evidence rejected was immaterial. It was offered to contradict the prosecutrix as to immaterial matters elicited on cross-examination.

The instruction limiting the statements testified to was proper. Its only relevancy was, that it tended to impeach another witness. It was incompetent for any other purpose.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a prosecution for bastardy, which resulted in a judgment of conviction in the circuit court, and that judgment was affirmed on appeal to the Appellate Court for the Second District.

The real controversy is one of fact, which is conclusively settled against the defendant by the judgment of affirmance of the Appellate Court. Certain questions of law, arising upon the ruling of the circuit court, are, however, discussed in the arguments of counsel for the defendant, which it is necessary that we shall briefly notice.

In the examination in chief the prosecutrix testified simply that she was the mother of a bastard child, giving the date of its birth, and that it was begotten by the defendant. On cross-examination she was required to give a detailed account of the time, place and attendant circumstances of the illicit sexual intercourse, which she did, fixing the hour of the intercourse some time in the morning, and thereafter she was asked where she went and dined on that day. Counsel for defendant proposed to follow this up by showing that she had, on different occasions, made different statements in that respect. The court, on objection, declined to allow the question to be answered. A sister of the prosecutrix, called and examined to corroborate the prosecutrix as to the fact that the defendant, on the day the alleged illicit sexual intercourse was had, was where he might have had communication with the prosecutrix, testified, also, that he was hauling different

kinds of hay from one place to another. Counsel for defend-
ant offered to prove (but the court, on objection, excluded
the testimony,) that there were not different kinds of hay to
be hauled by the defendant, and that the only hauling done
by him was from the farm on which the illegal sexual inter-
course was alleged to have been had. There was, perhaps,
likewise some other evidence of like character also excluded.
There was clearly no error in these rulings. The matters
were collateral to the issue, and to have gone into them
would have been but to confuse, instead of enlightening, the
minds of the jury. (1 Greenleaf on Evidence, sec. 449.) We
think it would have been well to have allowed the questions
as to the movements and conduct of the prosecutrix to have
been given in evidence; but her answers as to all collateral
matters would have been conclusive upon the defendant, and
she could not have been impeached in the manner proposed.

It was proved, in contradiction of a statement of one Asaph
Morris, a witness examined on behalf of the prosecution, that
he had admitted, in testifying on the trial in the county court,
that he had, in a previous conversation with defendant and
his mother, at Byron, said that there were two or three in
the scrape, from what he heard from the little girls in the
family. The court, among other instructions given at the
instance of the prosecution, gave this:

"If the jury believe, from the evidence, that the witness,
Asaph Morris, in a conversation at Byron, with the defendant
or his mother, in reference to Annie Hay having a bastard
child, said that as near as he could learn from the little girls,
sisters of Annie Hay, that two or three others were mixed up
in it, that such statement is not evidence tending to prove or
proving that any other person than defendant was in fact the
father of the bastard child."

Counsel for defendant contend that the insertion of the
word "others," is unauthorized by the evidence, and that its

insertion was calculated to mislead the jury. The answer to this is, whether the word "others" be added or omitted, what Morris said at the time and place indicated, upon no reasonable theory can be evidence tending to prove that the defendant was or was not the father of the child, and it was not improper to tell the jury to that effect. The evidence was admissible solely for the purpose of contradicting Morris, and thereby of weakening the effect of other testimony given by him on this trial, and the jury were not authorized to consider it for any other purpose.

The remaining question to which our attention is invited is, whether the Appellate Court erred in refusing to make a division of the costs. That court reversed the judgment of the circuit court solely as to the form of the judgment, affirming it in all other respects. This in nowise affected the merits of the case, and the error might have been corrected in the Appellate Court without any order of reversal. (Pub. Laws, 1877, p. 151, sec. 80,) It is not imperative, under section 24, chapter 33, of the Revised Statutes of 1874, that in case of a partial reversal appellee shall be taxed with a part of the costs. The apportionment, in such cases, is entirely within the discretion of the court, and there is no merit in taxing costs against the appellee where the reversal is merely to correct the form of the judgment in a manner that might as readily have been done in the Appellate Court without any reversal.

We perceive no error in the ruling of the Appellate Court which justifies a reversal of its judgment. It is therefore affirmed.

*Judgment affirmed.*