### John M. Peterson v. George E. Randall.

1. INSTRUCTIONS—*Error Without Injury.*—A court of appeal will not interfere with a judgment on account of the giving of an erroneous instruction, where it is clear that the instruction could not have misled the jury.

2. COSTS—*Where a Judgment is Corrected in a Mere Matter of Form.*—Where a judgment is corrected on appeal as to a matter that could have been corrected at any time in the trial court on motion, and that can be corrected in this court on motion, without reversal, the court will exercise its discretion in its award of costs.

Replevin.—Error to the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December

term, 1896. Affirmed in part and corrected. Opinion filed December 17, 1896. Rehearing denied June 25, 1897.

J. A. McKenzie, attorney for plaintiff in error.

Dougherty & Boutelle, attorneys for defendant in error.

Opinion per Curiam.

The plaintiff in error Peterson replevied from the possession of the defendant in error Randall a Jersey heifer and a stove and pipe, before the justice of the peace, and on appeal to the Circuit Court the defendant in error succeeded in obtaining a verdict from a jury impaneled to try the issue, which found the issue in favor of plaintiff in error as to the calf. By agreement in open court, prior to the trial, the stove and pipe were admitted to be the property of the plaintiff in error, and the defendant in error disclaimed any ownership therein.

The parties to the suit had exchanged real estate in Galesburg, belonging to defendant in error, for a farm in the country belonging to plaintiff in error, and as part consideration for the city property plaintiff in error agreed to let defendant in error have ten calves—or as plaintiff in error claims, nine—of which defendant in error contended the Jersey heifer in dispute was one, and plaintiff in error that it was not included. Upon this issue the jury found in favor of the former, and we think such verdict was clearly supported by the evidence.

But the court inadvertently rendered judgment on the verdict broader than the verdict, and pronounced the title in the property replevied to be in defendant in error, and awarded a writ of *returno habendo* for the same, when it should have only rendered judgment for and ordered a return of the calf in accordance with the verdict.

The plaintiff in error insists that the court erred in giving the following instruction No. 4, for defendant in error, viz.:

"4. The jury are instructed that if you believe from the evidence that the calf in controversy was included in the bill

of sale from Peterson to Mrs. Annie Randall, and that the said bill of sale was delivered to her, and the said calf in controversy was delivered to her on the farm which she had purchased, and was in her possession at the commencement of this suit, then and in that case, your verdict will be for the defendant."

Although the witnesses referred to a bill of sale on the trial, and it was shown, at least, to one witness, it was not formally introduced in evidence, therefore it is insisted that the instruction was erroneous in referring to it.

We do not think that any serious error was committed in this.

The verbal testimony showed the calf was included in the bill of sale—nominally ten calves—and no objection was made to this evidence; besides the entire evidence over the issue was whether the heifer in question was intended to be included in the sale of the calves named in general " nine or ten calves."

The jury could not have been misled whether the sale be regarded as verbal or in writing.

The judgment finding the property of the calf in defendant in error, and in ordering a return thereof to defendant in error, will be sustained and affirmed, and reversed as to the stove and pipe, and the judgment is ordered rendered in this court as follows, after reciting the verdict, viz. :

" The court therefore finds the title to the property in the calf in controversy in the defendant, and that plaintiff pay defendant the sum of one cent damages for the retention thereof, and defendant have a writ of *returno habendo* for the said calf, and that defendant recover his reasonable costs in this behalf expended, and that he have execution for the damages and costs. The error in the court below was one that could have been corrected at any time in that court on motion, and can be corrected here without reversal. This court will exercise its discretion in a case like this in its award of costs. Moore v. People, 108 Ill. 484.

The judgment of the Circuit Court is therefore affirmed as to the judgment awarding the calf in question to de-

fendant in error, and judgment amended here as above indicated, and judgment rendered against appellant for costs of this court. Judgment in part affirmed and corrected.