## George Burke v. C. Hindman.

1. TRIALS BY THE COURT—*Finding Not Disturbed.*—The trial judge trying this case without a jury saw the witnesses, and heard them testify, and was in a better position to pass upon the credit to be given to their testimony than this court.

2. COSTS—*Where the Judgment is Erroneous as to Parties Not Appealing.*—The fact that a judgment is erroneous as to a defendant not appealing, does not entitle an appellant, as to whom the judgment is affirmed, to a judgment for costs.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Iroquois County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

KAY & KAY, attorneys for appellant.

FREE P. MORRIS and FRANK L. HOOPER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

The suit was begun by attachment to recover upon a promissory note, executed by appellant and F. Peters, for $95.75, to appellee, on the 31st of December, 1892.

Both defendants were non-residents and neither was served with process. The writ of attachment was levied upon the interest of Burke in certain real estate situated in Iroquois county, no property of Peters being found. There

was no appearance by Peters or plea filed for him by any one. Burke appeared by counsel and filed a plea setting up his infancy at the time of making the note.

Issue was taken upon that plea. A jury was waived and a trial had by the court, resulting in a judgment in favor of appellee and against Burke for $117.16.

It was contended upon the trial in behalf of appellant that he was born on the first of September, 1872, which would make him but twenty years old at the time he signed the note.

On the part of appellee it was contended that he was born on the first of September, 1871, and the court so found from the evidence. Whether the court reached a proper conclusion upon that disputed question of fact is the sole point in controversy before us.

While the testimony of two of appellant's brothers tends to show that he was born on the first of September, 1872, there is other testimony tending to show that he was born on the first of September, 1871. There was evidence of statements frequently made by him which, if true, fixed the date of his birth in September, 1871.

Such statements were made to two different school teachers, to an insurance agent soliciting for life insurance, and to parties inquiring as to his age with a view to accepting him as the maker of a note.

While appellant was not estopped by such statements from interposing the defense of infancy, such statements were properly received as admissions bearing upon the disputed question of fact.

As the court saw the witnesses and heard them testify he was in a better position to pass upon the credit to be given to their testimony than we are. We are not disposed to disturb the finding of the court below.

The record shows that judgment was entered against the "defendants" instead of against Burke alone. This was perhaps done inadvertently. Of course no judgment could be legally rendered against Peters, because the court did not have jurisdiction of his person.

Appellant has filed a motion in this court to tax appellee with the costs, and urges that appellee should be required to pay the costs, even if we conclude that the judgment against Burke should stand. It must be remembered that this appeal is prosecuted by Burke alone. He brought the record here for the sole reason that the judgment against him was wrong. The fact that the clerk, in writing up the judgment, may have written the word " defendants " instead of " defendant " does not entitle appellant to a judgment of costs.

If the court pronounced judgment against both defendants the matter could have been corrected there. Moore v. The People, 108 Ill. 484. The judgment against Burke will be affirmed and the motion to tax costs against appellee will be overruled.