## Charles Hartung v. North Chicago St. R. R. Co.

1. PRACTICE—*On Motions to Take a Case from the Jury.*—It is not for the trial judge, on a motion for an instruction to find for the defendant, to weigh the evidence in order to ascertain where the preponderance lies. He is on such a motion limited to the question, Is there evidence legally tending to prove the plaintiff's case? and in the determination of such question no adverse evidence can be considered.

2. SAME—*When it is Error to Take the Case from the Jury.*—In an action for personal injuries, where the evidence tends to show that at the time of the accident, the plaintiff was in the use of ordinary care for his own safety and that the defendant was guilty of negligence which caused the injury complained of, it is for the jury to find what such evidence establishes and not a question of law to be passed upon by the court.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed June 23, 1902.

Statement.—This is an action for personal injuries received August 30, 1898, at or near the intersection of Campbell and Chicago avenues in the city of Chicago.

Chicago avenue runs east and west. Campbell avenue,

which intersects with Chicago avenue, runs north and south. There is a double track street car line on Chicago avenue, the east-bound cars running on the south track and the west-bound cars on the north track. The plaintiff lived on the south side of Chicago avenue, a little west of Campbell avenue. On the day of the accident he had taken his light wagon, drawn by a small horse, and driven off to get some ice. Driving home, he went west on the west-bound track on Chicago avenue. Just in front of him was a large furniture van. At or just west of the Campbell avenue intersection the plaintiff turned his horse to the south, in order to go diagonally across the east-bound track. Just as the horse and front part of the wagon got on the south or east-bound track, an east-bound electric car came along and struck the horse and the front wheel of the wagon, throwing the plaintiff out and injuring him.

At the close of the plaintiff's case the defendant moved the court to instruct the jury to find the defendant not guilty. This motion was reserved by the court. After all the evidence had been heard, the court granted the instruction and directed the jury to find a verdict for the defendant. The plaintiff excepted, and now brings the case to this court to review the correctness of that ruling.

BEACH & BEACH, attorneys for appellant.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellee; W. W. GURLEY, of counsel.

MR. JUSTICE BALL delievered the opinion of the court.

The question presented for our consideration is, whether there is evidence in the record tending to show a right of recovery on the part of the plaintiff. It was not for the learned trial judge, nor is it for us to weigh the evidence in order to ascertain where is the preponderance. Both he and we are limited to this one question : Was there evidence, if believed, legally tending to prove the plaintiff's case? In this determination no adverse evidence, if any, can be considered. Negligence does not become a question of law unless the evidence, which may properly be weighed upon

the motion to take the case from the jury, is such that all reasonable men would agree in their conclusions from it.

These propositions are supported by many cases decided by our Supreme Court. Out of that abundance we call attention to Frazer v. Howe, 106 Ill. 563–574; Wenona Coal Co. v. Holmquist, 152 Ill. 582–589; Chicago & N. W. Ry. Co. v. Hansen, 166 Ill. 623–629; Landgraf v. Kuh, 108 Ill. 484, 492.

An examination of the record shows evidence tending to prove, if believed, that the plaintiff started to turn out of the north or west-bound track to cross over the south or east-bound track, while yet within the lines of the intersection of these two streets; that before he turned out he listened for the coming of an east-bound car and heard none, and looked 100 feet ahead (the furniture van obstructing further view), and saw no car coming; that he had disengaged the wagon wheels from the rails of the north track, had crossed the space intervening between the tracks, and had reached the rails of the south track with the front wheels of the wagon before the collision occurred; that in turning out with his small horse and heavy load his progress was so slow that the motorman, if he was looking, could see the horse coming toward the south track when the car was at least 100 feet distant from the scene of the accident; that the car was running fifteen to twenty-five miles an hour while approaching Campbell avenue, and from twelve to fifteen miles an hour at the point of collision; that the car did not stop until it had run from ninety to 120 feet beyond the place of the accident; that there was no bell rung upon the car, and that the motorman did not shut the power off from the car until after the collision.

This evidence tends to show that at the time of the accident the plaintiff was in the use of ordinary care for his own safety, and that the defendant was guilty of negligence which caused the injury. What this evidence establishes is to be found by the jury, and is not a question of law to be passed upon by the court.

The judgment of the Superior Court will be reversed, and the cause remanded for a new trial.