THOMAS G. DAY

*v.*

CARRIE DAVIS *et al.*

*Opinion filed December 22, 1904.*

1. APPEALS AND ERRORS—*no presumption of error obtains in absence of complete record.* In the absence of a complete record in a chancery case no presumption of error obtains, but the presumptions are in favor of regular and correct action on the part of the chancellor.

2. SAME—*duty of plaintiff in error to bring up record.* While it is not the duty of the defeated party in a chancery case to see that the oral proof is preserved by a certificate of evidence or by recitals in the decree, yet on appeal or error by him he should bring up all the evidence that is so preserved before he can insist that the decree is not supported thereby.

3. SAME—*section 67 of Practice act governs appeal in building and loan receivership.* The right of appeal from a final order in a building and loan association receivership is governed by section 67 of the Practice act, under which it is error for the chancellor to require the appeal bond to be filed within five days.

4. SAME—*matter of costs is discretionary in case of partial reversal.* In case of a partial reversal the costs may be apportioned as the reviewing court, in its discretion, shall deem just and proper.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

EDWY LOGAN REEVES, for plaintiff in error.

S. W. SWABEY, for defendant in error H. W. Wolseley.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The superior court of Cook county, under a bill in equity filed by Carrie Davis and others, entered a decree placing the Pacific Loan and Homestead Association in the hands of a receiver. During the course of the administration of the affairs of the association by the receiver the Assets Re-

alization Company tendered to the receiver a bid of $120,-
000 for the remaining assets and property of the association,
(except certain assets and property in the bid specified,)
and the court ordered the bid should be accepted unless good
objections should be made within fifteen days thereafter.
Notice of the proposed sale of such assets so remaining in
the hands of the receiver, and that objections thereto might
be interposed within fifteen days, was given by publication
in a newspaper in the city of Chicago, and by notices there-
of sent by mail to each holder of stock and each creditor of
the association. The plaintiff in error appeared and filed ob-
jections to the approval of the bid of the Assets Realization
Company. On the hearing the objections were overruled
and an order was entered directing the receiver to sell the as-
sets so specified in the bid of the Assets Realization Com-
pany, for the sum of $120,000. The plaintiff in error prayed
and was granted an appeal on giving an appeal bond in
an amount fixed and within a time specified by the court.
He did not comply with the conditions of the order granting
him an appeal, but subsequently sued a writ of error out of
the Appellate Court for the First District, and to reverse an
adverse judgment entered in that court on the hearing of
such writ of error, has brought the record into review in this
court by this writ of error.

It appears from the transcript of the record of the pro-
ceedings that the superior court heard oral evidence bearing
on the question of the approval or disapproval of the bid of
the Assets Realization Company for the property ordered to
be sold to it. The record does not contain this oral evidence.
The certificate of the clerk which is attached to the transcript
of the record does not purport to certify that the transcript
is a full and complete transcript, but only that it is full and
complete as per the *præcipe* on file herein. The *præcipe* does
not ask that a complete record should be made, but directs
the clerk to make an authenticated transcript of part of the
record of the above entitled "cause," and "to insert therein

the following." Then follows in the *præcipe* an enumeration of certain papers filed and orders entered, not including a certificate of evidence.

The proceeding being in chancery, the rule is that the decree must be supported either by a certificate of the oral evidence heard in the cause, or by recitals in the decree of the facts found by the court to be established by the evidence. The decree does not recite the facts established by the evidence. Whether a certificate of such proof is on file, and consequently a part of the record of the cause, we cannot·know, for the plaintiff in error has chosen not to bring the entire record before us. We know from so much of the record as we have, that the court heard oral testimony on the question whether it would be for the best interests of those interested that the bid of the Assets Realization Company should be accepted, and that the proofs thus heard operated to convince the mind of the chancellor that the bid should be approved and the property disposed of accordingly. The proof may, for aught we know, have been incorporated in a certificate of evidence, and if so, it composes a part of the record of the cause. While it was not the duty of the plaintiff in error to see that the oral proof was preserved either by a certificate of evidence or by a recital of findings in the decree, it was his duty to bring before us all that is in the record on that point before he can ask us to declare that the chancellor erred in ordering that the property should be sold. If we had a complete record of the cause before us and it should not appear from it that the oral evidence had been preserved, then, unless the decree contained recitals of findings of fact sufficient to sustain the relief granted, the plaintiff in error might insist upon a reversal. In the absence of a complete record no presumption of error obtains, but the presumptions are in favor of regular and correct action on the part of the chancellor.

The hearing of the objections of the plaintiff in the proposed sale of the assets was set for March 30, 1900. On

March 29, 1900, one L. D. McCall, in open court, submitted a bid of $130,000 for certain of the assets in the hands of the receiver, and tendered a certified check for $5000 as "earnest money" or as evidence of good faith in making the bid. The hearing of objections to the bid of the Assets Realization Company and consideration of the bid of McCall were continued until March 31 and heard and disposed of together. The court ordered that the objections to the bid of the Assets Realization Company should be overruled and that the property should be sold to the realization company. It is urged the court erred in rejecting the bid of McCall.

The bid of McCall was for what purports to be the same property previously bid for by the Assets Realization Company, but has a number of conditions to the bid and uses many general terms and expressions not contained in the latter bid, and thus leaves it doubtful, to say the least, whether his bid is for the same property, and no more, that is described in the other bid. His bid is also conditioned for the payment of taxes and special assessments of the years 1898 and 1899 by the receiver; that a merchantable title shall be conveyed to all the property, subject to certain liens specified in his bid; also that the titles of said property should be clear and free of all encumbrances, except as specified; that the interest in or liens upon said real estate should be exempt from legal entanglement; also, the bid is subject to numerous other conditions which are needless to be mentioned. Suffice it to say, they so involve the bid that we are unable to determine, and it is scarcely conceivable that the chancellor could have told with any certainty, whether the bid was any more favorable than the one which was accepted. The record discloses that the creditors of the association, twenty-two in number, the total of whose claims aggregated the sum of $168,802.02, desired that the bid of the Assets Realization Company should be accepted and approved by the court, and that the plaintiff in error was the only objector thereto. The record is insufficient to establish that the

court erred in ordering the sale of the property to the realization company.

The plaintiff in error urges that the court erred in prescribing the amount of the appeal bond and in fixing the time in which the bond should be given. The order granting an appeal was on condition that the plaintiff in error should, within five days thereafter, file an appeal bond in the sum of $50,000, with sureties to be approved by the court. The proceeding in which the receiver was appointed was instituted under the provisions of an act entitled "An act to enable associations of persons to become a body corporate to raise funds to be loaned only among the members of such association," in force July 1, 1879. (Hurd's Stat. 1899, p. 450.) Section 25 of the act (par. 91*p*, p. 458,) authorizes petitions to be filed for the appointment of receivers for such associations, and provides that proceedings under such petitions shall "proceed as other causes in equity." We do not find in said act any special provisions for appeals from the orders or decrees entered in such proceedings. The order of the court herein was final and appealable. Section 67 of the Practice act (3 Starr & Cur. Stat. par. 68, p. 3094,) afforded the plaintiff in error the right to appeal from the order or decree of the court, and prescribed the conditions which the court might impose as a prerequisite to the exercise of the right of appeal. The time in which an appeal bond shall be filed is one of the conditions which this statute regulates, and the statute provides that the time which the court may fix within which the bond must be filed shall not be less than twenty days. In the case at bar the appeal was granted on condition an appeal bond should be filed in five days. This restriction as to the time in which the bond should be filed, contained in the order granting the appeal, was in violation of the express provision of the statute, and was therefore erroneous, and is reversed.

The plaintiff in error has enjoyed the right to present his case herein for review to the Appellate Court and to this

court as fully as if he had brought the record in review by appeal, and as he has failed to make it appear the superior court erred in ordering the property to be sold to the Assets Realization Company, the decree, in all respects other than as to the order limiting the time for presenting an appeal bond, should be and it is affirmed. This judgment of affirmance determines the case upon the merits, and to that extent concludes the plaintiff in error. A reversal of that portion of the order of the superior court which erroneously limits the time for presenting an appeal bond to five days would be barren of any benefit to the plaintiff in error. The reversal of a decree in part does not necessarily entitle the plaintiff in error to a judgment for all or any part of the costs by him expended or to be relieved from the liability to pay costs incurred by his adversary. The costs may, in case of partial reversal, be ordered paid as the reviewing court may, in its discretion, determine to be proper and just. *Moore* v. *People,* 108 Ill. 484; *Romberg* v. *McCormick,* 194 id. 205.

Proofs submitted by the defendant in error receiver in support of the motion hereinbefore entered by him to dismiss the writ, discloses that the plaintiff in error did not sue out this writ until September 10, 1901,—about one and a half years after the assets of the association had been disposed of under the order of the court that he desired to have reversed and more than eight months after the receiver had presented his final report and had been discharged from further duty in the premises, as the plaintiff well knew. The plaintiff in error procured the writ of error to issue only against Carrie Davis and Henry W. Wolseley. The former was one of the petitioners in the bill asking for the appointment of a receiver for the association and the latter was the receiver. No service was had on Mrs. Davis, and no reason could be suggested for taxing costs to her had she been served. It would be unjust, under all the circumstances, to tax costs to the receiver or to deny to him recovery of costs which he may have been forced to pay.

The order and decree of the superior court are affirmed in part and in part reversed. The costs will be taxed to and paid by the plaintiff in error.

*Affirmed in part and in part reversed.*