## American National Bank of Mt. Carmel, Appellee, v. Mt. Carmel Public Utility and Service Company, Appellant.

1. APPEAL AND ERROR—*when recital of clerk that transcript is complete conclusive.* On appeal from a judgment finding appellant in contempt of court for violation of an injunction, the recital of the clerk that the record is a complete transcript and that there is no certificate of evidence or deposition on file, must be taken as conclusive of the facts therein recited.

2. CONTEMPT—*when judgment reversed for insufficiency of record.* On appeal from a judgment finding appellant in contempt of court for violation of an injunction, where there is no recital of a finding of any fact whereon to base the judgment and the clerk has recited that there is no certificate of evidence or deposition on file so that it is impossible to find in the record the facts on which the trial court based its judgment, the judgment will be reversed and the cause remanded for further proceedings.

Appeal from the Circuit Court of Wabash county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 30, 1921.

E. B. GREEN and THEODORE G. RISLEY, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE EAGLETON delivered the opinion of the court.

The appellee, American National Bank of Mt. Carmel, procured a temporary injunction to be issued in vacation against the appellant, Mt. Carmel Public Utility and Service Company, prohibiting it and its officers, agents, servants and employees from allowing or permitting water to escape from the pipes of the hot water heating system of the appellant into the basement of a building then being constructed by the appellee.

Thereafter a petition was presented setting forth

the service of said writ of injunction on Philip Barn-hard, manager of the appellant, and charging therein that the appellant, "its officers, agents, servants and employees have wholly disregarded said writ of injunction issued in said cause, and have not obeyed the same, but, in direct violation of said injunction, have allowed and permitted and do still allow and permit water to escape from said hot water heating system and to run into the basement of said building * * * ." To which petition was attached a prayer for a writ attachment against the said Philip Barn-hard.

Pursuant to the prayer of the petition a citation was ordered to issue, directing said Barnhard to show cause why he should not be held in contempt of court.

The citation issued does not appear in the record but the following order does appear:

"Circuit court record, sixteenth day April term, A. D. 1920, June 1, 1920.

"*American Natinal Bank vs. Mt. Carmel Public Utility and Service Company.*

"Now, on this day, comes the parties to this suit by their attorneys respectively into open court, and all parties answer ready for trial. The court now hears all the evidence offered by the respective parties and the arguments of counsel."

On the twentieth day of the same term of court under a similar caption the court recited the hearing of evidence and "finds the defendants to be in contempt of court, and fines said defendant in the sum of seventy-five dollars," and renders judgment against the defendant for said sum and costs, from which judgment this appeal is prosecuted.

In the certificate of the clerk to the record, he certified that it is a transcript of all records, files, orders, entries and decrees in said cause and that there is no certificate of evidence or depositions on file.

The principal ground on which reversal is asked,

and the only one necessary to discuss, is the failure of the judgment to contain a recital of facts whereon the court found the defendant guilty and the absence of a certificate of evidence whereon to base such finding.

The recital of the clerk that the record is a complete transcript and that there is no certificate of evidence or depositions on file must be taken as conclusive of the facts therein recited. In *Day v. Davis*, 213 Ill. 53, the Supreme Court held that the certificate of the clerk to the record did not show on its face it contained a full transcript of the record of the trial court, and said: "The proceedings being in chancery, the rule is that the decree must be supported either by a certificate of ¡the oral evidence heard in the cause, or by recitals in the decree of the facts found by the court to be established by the evidence * * *. If we had a complete record of the cause before us and it should not appear from it that the oral evidence had been preserved, then, unless the decree contained recitals of findings of fact sufficient to sustain the relief granted, the plaintiff in error might insist upon a reversal."

The above case was cited with approval in the case of *Franklin Union No. 4 v. People*, 220 Ill. 355, in which was reviewed a contempt proceeding where, after quoting from the case of *Day v. Davis*, the Supreme Court held that in the absence of a certificate of the clerk that the record was complete they could not raise the question that the recitals in the orders appealed from were insufficient oh which to base the judgment.

In the instant case there is no recital of a finding of any fact whereon to base the judgment of the trial court, and the clerk having recited there is no certificate of evidence or depositions, it is impossible to find in the record the facts on which the trial court based its judgment.

For the reasons indicated the judgment of the trial court is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*