## Lona I. Bowman, Executrix, et al., Appellees, v. W. T. Waugh, Appellant.

1.  EXECUTORS AND ADMINISTRATORS—*when suit by executrix is not suit to quiet title.* A suit, brought under section 111a of the Act relating to sales of real estate by persons since deceased and the enforcement thereof (Cahill's Ill. St. ch. 3, ¶ 113), by the executrix of a deceased grantor under a land contract against the grantee and others claiming under the grantor, is not a suit to quiet title which could be brought only by one in possession of the land.

2.  APPEAL AND ERROR—*presumption in absence of certificate of evidence.* Upon appeal from a decree in a suit involving appellant's rights under a land contract, where appellant has not filed a certificate of the evidence, it must be presumed that there was sufficient evidence to warrant the court in finding that certain interest was due from him.

3.  EXECUTORS AND ADMINISTRATORS—*decree in suit by executrix.* In a suit by an executrix against the grantee under a land contract made with deceased, and another claiming title to the land under a prior deed from grantor which had been lost, a provision of the decree requiring the grantee to accept a deed from and to pay the balance due under the contract to such claimant was not subject to the objection that it required the grantee to accept such deed without regard to whether such claimant had a merchantable title, where the suit involved the rights of such claimant in the premises and the court found that she had title thereto in fee simple.

4.  APPEAL AND ERROR—*right of party to take position different from that taken in trial court.* Where the grantee under a land contract in a suit involving the question as to who had the legal title to the land did not controvert, in the trial court, his liability to pay the balance due for a conveyance by warranty deed by the party whom the court should find could make a proper conveyance of the legal title, he could not, on appeal, contend that he should not pay the balance due to and accept title from the person found by the trial court to have the legal title.

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed January 4, 1922. *Certiorari* denied by Supreme Court (making opinion final).

WILLIAM and BARRY MUMFORD, for appellant.

WILLIAMS & WILLIAMS, PAUL F. GROTE and GEORGE C. WEAVER, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The appellee, Lona I. Bowman, as executrix of the last will of A. F. Ferguson, deceased, and in her individual capacity, filed a bill in equity in the circuit court of Pike county against the appellant, W. T. Waugh and Enola Sommers and others. The allegations in the bill are to the effect that the deceased, A. F. Ferguson, in his lifetime, was the owner of 66 acres of land described in the bill; and that he entered into a contract of sale with the appellant to convey said lands to the appellant by good and sufficient warranty deed, in consideration of the payment by the appellant of the sum of $14,850, $5,000 to be paid upon the signing of the contract, and the remaining $9,850 to be paid on or before the 1st day of March, 1920. The deceased was to deliver to the appellant a good and sufficient merchantable title, clear of all incumbrances, and to pay all taxes, assessments and impositions that might legally be levied or imposed upon the land subsequent to the year 1920. There were other provisions in the contract, which, however, have no special bearing upon the questions to be determined.

It also appears, from the allegations in the bill, that the appellant paid the $5,000 in accordance with the terms of the contract, and that he took possession of the property sold; and that afterwards, on the 14th day of February, 1920, Ferguson deceased.

The bill avers that the appellant claims to be entitled to the rents accruing from the property in question since the 1st day of March, 1920; and has appropriated the crops grown thereon since that date, and refuses to account to the complainant for the same. The bill also alleges that the deceased left a last will and testament, which was duly probated, by which the de-

ceased devised to Logan Burdette Bowman, son of a deceased nephew, all of his real estate; and alleges that Enola Sommers claims some interest in the premises in question, and is therefore made a defendant in the suit. The bill also avers that there is a mistake in the description of the land embraced in the agreement of sale to the appellant, and seeks to correct the same. The prayer of the bill is, that the complainant, as executrix, may be authorized and empowered by the court to execute and deliver a deed to the appellant according to the true and correct description thereof, and to carry out the contract of sale, in accordance with the provisions of the statute; and that the appellant may be required to account for interest, which may be found to be due under the contract, and the rents that the complainant may be entitled to recover as executrix; and to be required to pay the amount due from him under his contract with the deceased, upon the execution and delivery of the deed; and such other and further relief as to equity may appertain.

The defendant Enola Sommers made answer to the bill, admitting that the deceased Ferguson was, during his lifetime, the owner of the land in question; and averred that on May 28, 1914, he had conveyed the real estate by good and sufficient warranty deed for a valuable consideration to her; and that the warranty deed then executed and delivered was never filed for record, and had been lost or destroyed; that therefore, at the time of the making of the contract with the appellant for the sale of the land to the appellant, the deceased was not the owner of the property, but that she was; and that she had, since the making of the deed to her, been the owner in fee of the real estate; but admitted in her answer that her rights were subject to the rights of the appellant under his contract with the deceased; and admitted that the appellant was entitled to a deed conveying to him the title of the property, but claiming that she was equitably entitled

to the balance of the purchase money due, namely $9,850, and interest from March 1, 1920. After filing her answer, Enola Sommers also filed a cross-bill containing the same allegations with reference to the ownership of the property in her; and in which she admitted also the right of the appellant, under his contract with Ferguson, to a deed conveying the title to him, upon payment of the balance due under the contract.

The appellant answered the bill of complaint admitting that he entered into contract with the deceased Ferguson on September 6, 1919, by which the deceased agreed to sell and convey to him the land in question; and that he paid $5,000 as part consideration for said conveyance; and also averred that at and prior to the date of the contract, Ferguson was in possession and control of the real estate in question; and that he believed that he had full right to convey and sell the same to him; and had no knowledge or notice that any other person owned or claimed to own the same; and that as a part of the contract of sale of the land in question, and for value, the deceased Ferguson contracted with and agreed with him that he should take and have immediate possession and control of said real estate; and should have and retain such possession and control of the same until the balance of the consideration, namely, $9,850, would be paid by him, which balance was to be paid on March 1, 1920; and that pursuant to the said contract, the appellant did take possession and control of the real estate; and that he, and others claiming under him, have been in the rightful possession, control, use and enjoyment thereof since that time. That within a few days after the death of Ferguson, the appellant learned that one Enola Sommers claimed to be the owner of the real estate, under a deed from Ferguson, dated at some time prior to September 6, 1919; that thereupon he made inquiry, and sought legal advice as to the course he should follow for the protection of his interests, and

found and learned on inquiry that the devisees named in the will of Ferguson claimed to be the legal and rightful owners of the land; and that Enola Sommers also claimed to be the owner thereof; and that all of said claimants were claiming the unpaid part of the consideration of said land; and each was claiming the title to be conveyed to the appellant; that appellant was thereupon advised that it would not be prudent or safe for him to pay the balance of said consideration to either of said claimants until his claims were adjusted by competent private agreement, or were settled by the judgment or decree of a competent court; and that thereupon under legal advice on or about May 10, 1920, the appellant served upon each of said claimants a written notice and demand which he attached to his answer, and which is as follows:

"Notice Affecting Real Estate.

"To John H. Ferguson, Anna Pollock, James H. Ferguson, Logan Burdette Bowman, Lona Bowman, Lona Bowman, Executrix of the Last Will and Testament of Alexander Foote Ferguson, Deceased, Enola Sommers, Nancy Ash and any and all other persons who claim or claims or may claim any interest in or of the real estate below described:

"You and each of you are hereby notified that under and by virtue of an existing and valid and binding contract and agreement, entered into on the 6th day of September, A. D. 1919, by and between Alexander Foote Ferguson, formerly of the County of Pike and State of Illinois, and now deceased, and the undersigned, W. T. Waugh, of the County of Pike and State of Illinois, and recorded in the Office of the Recorder of Deeds in and for Pike County, Illinois, in Miscellaneous Record 8, at page 351, whereby and whereunder said Ferguson contracted to sell, warrant and convey to the undersigned on the 1st day of March, A. D. 1920, the following described real estate:

"The lot, piece or parcel of ground, situated in the County of Pike and State of Illinois, known and described as Sixty-Six (66) acres off the East side of the Northeast Quarter of Section No. Twenty-Eight (28),

Township No. Seven (7) South of the Base Line, of Range Four (4) West of the Fourth Principal Meridian, for the purchase price and consideration of $14,850;

"The undersigned did, on the first day of March, A. D. 1920, become entitled to have his contract fulfilled and carried out according to its tenor and effect, and was at that time and has been at all times since, ready, able and willing to pay said remaining part of the consideration price and to receive therefor the title to the above described tract of land;

"And undersigned further notifies you and each of you that he will at all times continue ready, able and willing to carry out said agreement aforesaid whenever the proper parties tender to him their good, sufficient and legal warranty deed of the premises above described;

"And the undersigned further notifies you and each of you that he expects and demands performance of said contract, and hereby demands that said sufficient warranty deed of the above-described premises be executed and delivered to the undersigned in accordance with the terms of said contract.

W. T. Waugh."

The appellant also averred in his answer that he had been at all times since March 1, 1920, ready, able and willing to pay the remaining part of the agreed consideration for said real estate to the party who might be found to be entitled thereto; and that his possession, use and enjoyment of said real estate had been and were rightful, under the terms and express arrangement of his purchase of the same; and that he is not legally chargeable with interest on the unpaid portion of said consideration, because he had been able, ready and willing to pay the same to the proper party; to the party who could and would convey and assure said land to him by the title and estate mentioned in his contract for the same; and that he ought therefore to be protected from any costs or charges in this proceeding.

The appellant also answered the cross-bill of Enola Sommers, and by the averments in his answer took practically the same position concerning his rights under the contract with Ferguson; denying his liability to account for rents and profits, and his liability for interest on the balance of the purchase money under his contract after March 1, 1920; and averring his willingness therein to pay the balance of the consideration due under his contract to the party entitled thereto, and offering to pay the same to the party entitled thereto, upon the execution and delivery to him of such title and estate as he was entitled to have by his contract of purchase.

The defendant Logan Burdette Bowman, a minor, made formal answer to the bill and cross-bill by his guardian *ad litem;* and the defendants John H. Ferguson, James H. Ferguson and Anna Pollock answered the original and cross-bill by disclaiming any interest in the subject-matter of the suit.

There was a hearing by the court, upon the issues presented by the original bill and the cross-bill and the answers thereto, but the evidence taken is not preserved in the record; there is no certificate of evidence showing proofs offered by the respective parties. The court found the facts from the evidence and the appellant's contract to be as set up in the original bill and cross-bill; found that, prior to the contract of appellant, Ferguson, in consideration of the love and affection which he had for the cross complainant, who was his niece by marriage, and for other good and valuable considerations, by good and sufficient quitclaim deed on March 28, 1914, had conveyed the land in question to her; and that she had thereby become the owner of the land; but that her deed had never been filed for record; and had afterwards been lost and destroyed; that the cross complainant was the owner in fee simple of the property at the time of the contract made with the appellant and at the time of Ferguson's

death. That there remained due and payable from the appellant, under his contract, the sum of $9,850; and that he should be required to pay interest on said sum from March 23, 1920, at the rate of 5 per cent per annum; that the cross complainant, together with her husband, should convey the real estate in question by good and sufficient warranty deed to the appellant; and that the appellant should pay therefor the sum of $9,850, the balance due, and interest thereon at 5 per cent per annum from March 23, 1920; that the appellant was entitled to the use and the rents of the property; and that the cross complainant, Enola Sommers had agreed and consented that all the unpaid purchase price on the real estate in question due from the appellant, together with interest thereon, except the sum of $6,300, be paid to Lona I. Bowman as executrix, for the purpose of paying the debts of the estate of A. F. Ferguson, deceased, funeral expenses, and costs of administration, including the cost of this proceeding. The decree also recites certain other agreements made by the cross complainant and the complainant, concerning the disposition of the purchase money, and finds that the appellant should have a reasonable time, which the court finds to be 40 days, to examine the abstract of title of the real estate in question, and the deed which the cross complainant and her husband should execute, conveying the real estate to him; and that in the event the appellant did not pay the balance due on said real estate, with interest, within 40 days, that the rights of the appellant under the contract should terminate; and that the $5,000 heretofore paid by the appellant should be forfeited.

An appeal is prosecuted from the foregoing decree. The first contention made by the appellant for a reversal of the decree is that this is a bill to quiet title, and therefore can be prosecuted only by one in possession of the land. It is a sufficient answer to this contention to say that the bill appears to be brought

under section 111a of the Statute (Cahill's Ill. St. ch. 3, ¶ 113), which is an act in regard to contracts relating to sales of real estate by deceased persons and the enforcement thereof. It is also contended that inasmuch as there was no promise to pay interest on the balance which became due under the contract of $9,850, after the 1st of March, 1920, the decree should not have required the appellant to pay interest, at least not until a proper tender of such a title as the contract called for was made to him. The court found that the appellant was liable for interest from March 23, 1920, and the finding of the court was based upon the evidence which the court heard in relation to the matter of allowing interest. Inasmuch as the appellant has not filed any certificate of the evidence, it must be presumed that there was sufficient evidence to warrant the court in its finding on that question. *McKenna v. Mickleberry,* 242 Ill. 117; *Kennard v. Curran,* 239 Ill. 122; *Day v. Davis,* 213 Ill. 53; *Highley v. Deane,* 168 Ill. 266. It is also contended, that the decree is erroneous because it requires the appellant to accept from Enola Sommers, without regard to whether she has a merchantable title. There is no force in this contention, because the court found from the evidence that Enola Sommers' title was a fee simple title, which has always been regarded as a merchantable title. From the pleadings in the case, including the appellant's answers to the original bill and the cross-bill, the direct matter presented for determination was, who was entitled to the purchase money remaining unpaid under the appellant's contract; and whether or not the appellant was liable for interest, and rents and profits for the use of the land embraced in the contract of purchase. These questions indirectly involved the other questions, as to whether the cross complainant, Sommers, held the legal title to the real estate, and therefore should make the deed to the appellant, or whether the deed should be made by the executrix

of the Ferguson estate; but the appellant did not controvert his liability to pay the balance due for a conveyance by warranty deed properly executed by the party whom the court should find could make a proper conveyance of the legal title of the property. Having taken that position in the trial court, appellant cannot now take a different position in this court. We find no error in the decree and judgment is therefore affirmed.

Judgment affirmed.

*Affirmed.*